UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:25-cv-11121-PBS |

**LIBERTY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Now Comes Defendant Liberty Mutual Insurance Company ("Liberty Mutual") and hereby answers Plaintiff Karen Summerset's ("Plaintiff") Complaint, ECF No. 1, as follows: Except as otherwise expressly admitted herein, Liberty Mutual denies all allegations contained in Plaintiff's Complaint. Furthermore, any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation that may be contained in the averment or in Plaintiff's Complaint as a whole.

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Liberty Mutual expressly denies that it violated the Telephone Consumer Protection Act ("TCPA"), and further denies that Plaintiff and any of the alleged class members are entitled to relief under the TCPA, its implementing regulations, or otherwise.

1

2. Paragraph 2 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

3. Denied. Further responding, Liberty Mutual states that it had valid written prior express consent, invitation, or permission to contact Plaintiff and each of the alleged class members. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

4. Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 46 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 state a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual specifically denies that Plaintiff has Article III standing or prudential standing to bring her claim under the TCPA against Liberty Mutual.

6. The allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual specifically denies that the Court has personal jurisdiction to adjudicate the class allegations against Liberty Mutual, and further denies that any at-issue communications with Plaintiff or the proposed class members constituted "telemarketing," as alleged.

7.      The allegations in Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual specifically denies that venue is appropriate with respect to Plaintiff's class allegations, and further specifically denies that it engaged in any "transmission of unlawful telemarketing to Plaintiff[.]" Furthermore, Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that "Plaintiff . . . was located in this [D]istrict" during the relevant time period when any alleged "events or omissions giving rise to Plaintiff's claims" purportedly transpired.

8.      Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9.      Liberty Mutual admits only that it is a legal entity organized under the laws of Massachusetts. Liberty Mutual specifically denies that its principal place of business is located in (non-existent) "Boston County, Massachusetts."

## TCPA BACKGROUND

10.     Paragraph 10 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent, invitation, or permission to contact Plaintiff and each of the alleged class members.

11.     Paragraph 11 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent, invitation, or permission to contact Plaintiff and each of the alleged class members. Liberty Mutual also denies

3

that it made or initiated any calls to Plaintiff or the proposed class members using an automatic telephone dialing system ("ATDS"), or an artificial or prerecorded voice. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

12. Paragraph 12 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent, invitation, or permission to contact Plaintiff and each of the alleged class members. Liberty Mutual also denies that it made or initiated any calls to Plaintiff or the proposed class members using an automatic telephone dialing system ("ATDS"), or an artificial or prerecorded voice. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

13. Paragraph 13 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

14. Paragraph 14 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder.

15. The allegation in the first sentence in Paragraph 15 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to

any damages or remedies thereunder. Liberty Mutual denies the remaining allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16. Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Liberty Mutual denies that it initiated any "unlawful" calls or communications to Plaintiff as alleged. Further answering, Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith.

23. Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

25. Liberty Mutual denies that it made or initiated any call to Plaintiff using an artificial or prerecorded voice as alleged.

26. Denied.

27. Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27.

## CLASS ALLEGATIONS

28. Denied. Further answering, Liberty Mutual specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

29. Denied. Further answering, Liberty Mutual specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that this case is appropriate for alleged class resolution.

30. Denied. Further answering, Liberty Mutual specifically denies that Plaintiff's class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that this case is appropriate for alleged class resolution.

31. Denied.

32. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

**Count 1 – Alleged Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the Putative TCPA Prerecorded Voice Class)**

37.    Liberty Mutual incorporates by reference its responses to Paragraphs 1 through 36 as if fully set forth herein.

38.    Paragraph 38 contains a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiff or any alleged class member is entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent to contact Plaintiff and each of the alleged class members. Liberty Mutual also denies that it made or initiated any calls to Plaintiff or the proposed class members using an artificial or prerecorded voice.

39.    Denied. Liberty Mutual also denies that it made or initiated any calls to Plaintiff or the proposed class members using an artificial or prerecorded voice.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied. Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 46 of the Complaint.

44.     Denied. Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 46 of the Complaint.

45.     Denied. Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise.

46.     Denied. Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 46 of the Complaint.

## DOCUMENT PRESERVATION DEMAND

In a second clause following Paragraph 46 of the Complaint, Plaintiff demands that Liberty Mutual "take affirmative steps to preserve all records, lists, electronic databases, call logs, text message records, or other itemizations associated with the allegations" propounded in the Complaint. Liberty Mutual will undertake to comply with Plaintiff's demand to the maximum extent feasible and required by law.

## PRAYER FOR RELIEF

Denied. Liberty Mutual denies that Plaintiff or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 46 of the Complaint. Liberty Mutual likewise denies that Plaintiff and any of

the alleged class members are entitled to single damages, multiple damages, or injunctive relief under the TCPA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages caused by Liberty Mutual.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Liberty Mutual denies any allegations not specifically admitted herein and specifically denies that it violated any applicable law.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, estoppel, and waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief because, to the extent she has suffered any harm or damages, such harm or damages were the result of her own conduct or conduct otherwise not attributable to Liberty Mutual.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any actual or statutory damages under the TCPA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for multiple damages under the TCPA is barred because Liberty Mutual did not violate the TCPA and did not commit any knowing or willful conduct.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she or someone acting on her behalf provided valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Liberty Mutual reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

### TWELFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring her claims against Liberty Mutual.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations for multiple damages under the TCPA are barred because Liberty Mutual did not violate the TCPA and did not commit any knowing or willful conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations fail to satisfy any of the express or implied requirements of Federal Rules of Civil Procedure 23(a) and (b).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff fail[s] to state a claim upon which relief may be granted on behalf of [herself] and any of the alleged class members.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because Liberty Mutual reasonably relied on the good faith belief that Plaintiff and the alleged class members had given valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by Liberty Mutual.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff claims her prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Liberty Mutual.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Liberty Mutual.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

Plaintiff's claims for injunctive relief on behalf of herself and the alleged class members is barred.

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's and any alleged class members' damages, if any, are capped by what is permitted by statute under the TCPA only.

### *TWENTY-SIXTH AFFIRMATIVE DEFENSE*

Venue is not proper in this Court for Plaintiff's class allegations.

### *TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's individual and class claims are not properly before this Court to the extent that any such claim is subject to binding arbitration pursuant to any applicable, valid, and enforceable arbitration agreement.

### *TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

Some or all of Plaintiff's claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by a failure to mitigate damages or minimize any alleged loss.

### *TWENTY-NINTH AFFIRMATIVE DEFENSE*

Liberty Mutual may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings, the fact that no class has been certified, and as discovery has not yet begun. Accordingly, Liberty Mutual reserves the right to supplement or amend the foregoing and assert additional affirmative defenses as to Plaintiff's claims and the class allegations, including once discovery concludes.

### **JURY DEMAND**

Liberty Mutual demands a trial by jury.

**PRAYER FOR RELIEF**

Liberty Mutual respectfully requests that Count 1 of Plaintiff's Complaint, inclusive of both her individual and class allegations, be dismissed with prejudice, and that the Court grant Liberty Mutual such other and further relief as it deems just and appropriate under the circumstances.

Respectfully Submitted,
Liberty Mutual Insurance Company,
By its attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4700

Dated: June 11, 2025

**CERTIFICATE OF SERVICE**

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 11, 2025

*/s/ Kevin P. Polansky*
Kevin P. Polansky