## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 1:25-cv-11121-PBS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO BIFURCATE DISCOVERY

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") moves pursuant to Federal Rule of Civil Procedure 16(b)(4) for entry of an order phasing discovery in Plaintiff Karen Summerset's ("Plaintiff") putative class action lawsuit alleging violations of section 227(b)(1)(A) of the TCPA Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(b)(1)(A)(iii) (making it "unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service"); 47 C.F.R. § 64.1200(a)(1).

In order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff's individual claim, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claim under TCPA section 227(b)(1)(A), (2) discovery into the appropriateness of class certification if Plaintiff's claim proceeds, and (3) if any class is ultimately certified, merits discovery for the class.

I.     **INTRODUCTION**

Liberty Mutual respectfully proposes a phased approach to discovery in light of the unique circumstances of this lawsuit. In the initial phase, discovery will be narrowly tailored to determine whether Plaintiff possesses a valid individual claim against Liberty Mutual. If warranted, the second phase would address broader issues of commonality to evaluate the potential for class certification. A third and final phase—only if necessary—would allow for the exploration of the individual merits of each certified class member's claims. This structured approach ensures efficiency, focus, and fairness in the discovery process.

Good cause supports phasing discovery in this manner, as it allows the Court to address the merits of Plaintiff's individual claim at the outset, potentially avoiding the unnecessary burden of class discovery if that claim is meritless. This approach is particularly critical in TCPA cases, where plaintiffs frequently—and improperly and unnecessarily—demand vast amounts of private consumer data for individuals who are not class members at the precertification stage. Such expansive discovery imposes significant costs on TCPA defendants and creates a tangible risk to consumer privacy, exposing private information without notice or justification. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs (internal quotation marks and citation omitted)).

Prior express consent is a complete defense to any claim alleging that a defendant contravened TCPA section 227(b)(1)(A), by initiating unsolicited calls using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1), (2). There is a substantial possibility that this case would not progress beyond the first phase, if Liberty Mutual

is able to adduce evidence that any calls that Plaintiff allegedly received were initiated by or on behalf of Liberty Mutual with her prior express written consent. Therefore, proceeding directly to broad class merits discovery would not only impose undue burdens but also jeopardize the privacy of potentially thousands of consumers who have neither asserted claims against Liberty Mutual nor received unlawful messages or calls. With a phased approach, such unwarranted intrusions are both unnecessary and avoidable.

Additionally, due process mandates that Liberty Mutual be afforded the opportunity to conduct discovery tailored to the actual claims asserted by members of any final certified class. The Federal Rules of Civil Procedure governing class certification underscore the importance of resolving certification issues as early as practicable to uphold due process principles. *See* Fed. R. Civ. P. 23. Phased discovery ensures compliance with these rules, protects consumer privacy, and avoids imposing unnecessary costs and burdens until the viability of Plaintiff's claim is established.

Accordingly, Liberty Mutual submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claim proves meritless, and expedite the decision on class certification in accordance with Federal Rule of Civil Procedure 23.

## II.    LEGAL STANDARD

District courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

District courts are afforded "broad discretion in managing the pace of pretrial proceedings, including the timing of discovery." *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008)

(citations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *see also* Local Rule 16.3(a)(3)(B) (providing for courts' authority to "sequence discovery into two or more stages" at a case management conference). This includes "discretion to tailor discovery narrowly." *Cutter v. HealthMarkets, Inc.*, No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 599 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.")). When exercising this discretion, courts are mindful of the proportionality considerations articulated in Rule 26(b)(1). *Cap Exp. v. Zinus*, No. CV 16-371 JWH (MRWx), 2020 WL 13588764, at *2 (C.D. Cal. Nov. 3, 2020); *see also* Fed. R. Civ. P. 26(b)(2)(C). Under Federal Rule of Civil Procedure 26(b)(2)(C), a trial

> court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, *less burdensome, or less expensive*; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

*Ortolani v. Freedom Mortg. Corp.*, No. EDCV 17-1462-JGB (KKx), 2018 WL 324813, at *1 (C.D. Cal. Jan. 8, 2018) (quoting Fed. R. Civ. P. 26(b)(2)(C)) (emphasis added).

"Controlling the scope of discovery is particularly appropriate where discovery will impose considerable expense and the claims may be resolved on issues that require only limited or targeted discovery." *Osidi v. Assurance IQ, LLC*, No. 21-CV-11320-ADB, 2022 WL 623733, at *1 (D. Mass. Mar. 3, 2022) (citing *Twombly*, 550 U.S. at 559); *see also Zinus*, 2020 WL 13588764, at *3–4.

## III.    **ARGUMENT**

Dividing discovery into three distinct phases will enable the Court to address substantive threshold issues central to Plaintiff's claim before the parties undertake extensive class discovery.

4

This structured approach ensures that the litigation progresses efficiently and that resources are not wasted on premature or unnecessary discovery. By resolving foundational questions about the validity of Plaintiff's individual claim in the first phase, the Court can avoid the significant burdens and costs associated with class discovery if the individual claim lacks merit. This measured process promotes judicial economy and fairness while safeguarding against unnecessary intrusion into the privacy of non-parties.

A.    **Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claim Fails, Then Far More Resource-Intensive Discovery on the Merits of the Proposed Class Claims Can Be Avoided.**

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See Paieri v. W. Conf. of Teamsters Pension Tr.*, No. 2:23-CV-00922-LK, 2024 WL 3455269, at *12–13 (W.D. Wash. June 21, 2024) (bifurcating discovery, noting that "[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"); *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Moreover, if the initial phase of discovery demonstrates that the named Plaintiff's claim under 47 U.S.C. § 227(b)(1)(A)(iii) fails or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz*, for example, this Court bifurcated individual merits and class discovery, explaining that "class discovery is not necessary to address certain issues that may be

dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, [and] whether named Plaintiffs[] are within the classes they purport to represent," 2019 WL 957129, at *2 (footnote omitted) (noting that "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims"); *see also Kelly v. Banner Health*, No. 2:24-CV-00920-DJC-DMC, 2024 WL 4556022, at *1 (E.D. Cal. Oct. 23, 2024) (bifurcating individual merits and class discovery; noting that doing so "will promote efficiency and fairness because it will prevent Defendants from having to engage in costly class-wide merits-based discovery when Plaintiff's case may never get past the class-certification stage, will expedite class certification, and will promote judicial economy"); *Gottlieb v. Amica Mut. Ins. Co.*, No. 20-10509-DJC, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBX), 2009 WL10674767 at *1 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *5–6 (N.D. Ill. July 19, 2018) (bifurcating discovery "where some limited, first-stage production could stave off substantial wasted efforts" on purported class claims, and noting that "perhaps the parties can entirely forgo class-wide discovery, saving resources and expense on all sides").

　　　　Plaintiff does not stand to suffer prejudice should this Motion be allowed. Liberty Mutual

will, however, be prejudiced should the Court deny this Motion and allow class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiff's individual claim, as Liberty Mutual would be forced to engage in unnecessary discovery that will likely turn out to be a waste of time, money, and resources, when Plaintiff's claim under TCPA section 227(b)(1)(A) is inevitably deemed meritless. *See Katz*, 2019 WL 957129 at *1 (acknowledging that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching" summary judgment or trial) (quoting *Twombly*, 550 U.S. at 559 (internal quotation marks omitted)); *Osidi*, 2022 WL 623733, at *2 (noting, in TCPA case, that "where Defendant has raised potentially dispositive issues, it would be prudent to test the merits of Plaintiff's allegations before engaging in costly class discovery") (citation omitted) (cleaned up)). Plaintiff will have succeeded in engaging Liberty Mutual and this Court in burdensome class discovery when her underlying individual allegations prove meritless. Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed as a class action.

**B.    If Plaintiff's Individual Claim Proceeds, the Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit the Court to Determine the Propriety of Class Certification Early.**

In the event that Plaintiff's individual TCPA claim survives—which is an unlikely outcome—Liberty Mutual respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (which it cannot be in this case). Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC*, No. 17-CV-0266-CVE-MJX, 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017); *see Nazario v. Sharinn &*

*Lipshie, P.C.*, No. No. 2:19-cv-04604-SDW-SCM, 2020 WL 205896, at *1 (D.N.J. Jan. 14, 2020)

("'Courts generally postpone class-wide discovery on the merits of the claims when bifurcation

serves the interests of 'fairness and efficiency.'" (citation omitted)); *Medlock v. Taco Bell Corp.*,

No. 1:07-CV-01314-SAB, 2014 WL 2154437, at *1 (E.D. Cal. May 22, 2014) (noting that

discovery "was bifurcated to permit the parties to initially conduct discovery limited to class

certification issues and then, after a class had been certified, to conduct discovery regarding the

merits of Plaintiffs' claims"). In deciding whether to stay class discovery until after individual

discovery has been completed, "[a]mong the matters the court may consider . . . are: (1) the overlap

between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil

Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial

economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class

discovery." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL

273188, at *1 (N.D. Cal. Jan. 20, 2015) (citation omitted).

Here, if discovery is bifurcated in this manner, the Court will undoubtedly be in a superior

position to make an early determination on the propriety of class certification as required by Rule

23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir.

1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make

early class determination practicable and to best serve the ends of fairness and efficiency").

Additionally, "proceeding with merits discovery, which may well involve the review of millions

of documents not directly relevant to the issues of class certification, . . . would frustrate the court's

effort to certify the action as a class action '[a]t an early practicable time,' as is mandated by Rule

23 (c)(1)(A)." *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar.

2, 2012). Similarly, economy favors bifurcation of merits and certification discovery, "as the

limited statutory damages available to Plaintiff are likely an insufficient motivation to litigate in the absence of class certification." *Id*. at *4. Thus, should the Court deny class certification, Plaintiff would have little incentive to continue the pending litigation.

Finally, class merits and class certification discovery can be severed from one another without posing an undue burden on the parties or this Court. To be clear, certification discovery would include all evidence necessary for Plaintiff to prove that the requirements of Rule 23 can be shown. But it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff would not be permitted to obtain, in the aggregate: (1) a list of all individuals who have, during the relevant timeframe, received a telephone call on their cellular phone by or on behalf of Liberty Mutual, along with (2) the content of discrete calls—to determine whether they were prerecorded or constituted telemarketing, *see* 47 C.F.R. § 64.1200(f)(13) (defining "telemarketing")—and (3) evidence of prior express (written) consent for each proposed class member. *See* Compl. ¶ 28 (defining proposed "TCPA Prerecorded Voice Class"). Similarly, she might make further inquiries regarding her at-issue telephone calls, *see id.* ¶¶ 18–25, but she would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because these individuals are not yet parties to the case prior to certification. Once the case is certified—and all parties know exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified, produced, and analyzed ahead of trial.

Thus, good cause exists to phase class certification versus class merits discovery (if the class is certified); doing so will compel Plaintiff to swiftly seek certification, as contemplated by Rule 23, and limit discovery to issues pertinent to the certification effort—thereby reserving class merits discovery until a class is certified.

IV.    **CONCLUSION**

For the foregoing reasons, Liberty Mutual respectfully requests that the Court enter an Order phasing discovery in this matter pursuant to Federal Rules of Civil Procedure 16(b)(4) and 42(b).

Respectfully Submitted,

Liberty Mutual Insurance Company,

By its attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4700
Fax (617) 217-4710

Dated: June 24, 2025

**CERTIFICATE OF SERVICE**

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 24, 2025

*/s/ Kevin P. Polansky*
Kevin P. Polansky