IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 25-cv-11121-PBS<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATEMENT

Plaintiff, Karen Summerset ("Plaintiff") and Defendant Liberty Mutual Insurance Company ("Defendant" or "Liberty Mutual") (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

**I.   FED. R. CIV. P. 26(F) REPORT**
   **A.   Nature and Basis of Claims**
      1.   <u>Plaintiff's Statement</u>

Karen Summerset brought this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The Plaintiff alleges that Liberty Mutual violated the TCPA by making pre-recorded telemarketing calls to Plaintiff and other putative class members without their written consent. The putative class is defined as follows:

> **TCPA Prerecorded Voice Class**: All persons in the United States who, during the period beginning four years prior to the filing of this action and the date of class certification, (1) received a telephone call (2) on their cellular phone (3) from

>Defendant or on its behalf (4) that used an artificial or prerecorded voice, (5) and from whom Defendant does not possess evidence of prior express written consent to such calls.

2. Defendant's Statement

In the Complaint's sole count, Plaintiff alleges that Liberty Mutual placed multiple telemarketing calls to her and members of the proposed class in violation of section 227(b)(1)(A) of the TCPA, which makes it "unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1). For her part, Plaintiff alleges that she received numerous prerecorded telemarketing calls initiated by or on behalf of Liberty Mutual over the preceding four years, absent her prior express written consent. *See* Compl. ¶¶ 18–25.

Liberty Mutual expressly denies that it violated the TCPA, and further denies that Plaintiff and any of the alleged class members are entitled to relief under the TCPA, its implementing regulations, or otherwise. Prior express written consent is a complete defense to any claim alleging that a defendant contravened TCPA section 227(b)(1)(A) by initiating unsolicited telemarketing calls using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1), (2). It is Liberty Mutual's position that it had valid prior express written consent, invitation, or permission to contact Plaintiff and each of the alleged class members. Insofar as Plaintiff claims that consent was obtained fraudulently, Liberty Mutual's position is that any allegedly fraudulent conduct is not attributable to the company, and that Liberty Mutual reasonably relied in good faith on its belief that Plaintiff and the proposed class members had provided their valid prior express written consent, invitation, or permission to be contacted by Liberty Mutual.

Liberty Mutual also denies that it made or initiated any calls to Plaintiff or the proposed class members using an automatic telephone dialing system, or an artificial or prerecorded voice. Furthermore, Liberty Mutual expressly denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct or communications covered by the TCPA.

Accordingly, Liberty Mutual submits that neither Plaintiff nor the proposed class members have suffered actual damages, nor are they entitled to multiple damages under the TCPA because there was no knowing or willful, violative conduct.

### B. Possibilities of Settling or Resolving The Case

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendant on June 17, 2025, on a class-wide basis. Plaintiff is open to mediating a resolution to this matter on a class-wide basis. The Plaintiff is only interested in resolution on a class wide basis, consistent with her pleadings.

**Defendant:** Liberty Mutual will respond to Plaintiff's offer prior to or at the Scheduling Conference as directed by Local Rule 16(c), but denies that this case should resolve on a class-wide basis given its position that it has no liability.

### C. Proposed Discovery Plan

1. Proposed Discovery Plans

*Plaintiff's Proposed Discovery Plan*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as consent; (5) Defendant's negligence or willfulness regarding TCPA

4919-5893-8961 v.2

violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

*Defendant's Proposed Discovery Plan*

Liberty Mutual has moved to bifurcate discovery into three separate phases: (1) discovery into Plaintiff's individual claims; (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed; and (3) if any class is ultimately certified, merits discovery for the class. Accordingly, Liberty Mutual proposes that class discovery shall commence only if and upon such time that Plaintiff's individual TCPA claim survives a dispositive motion.

2. Electronically Stored Information

The Parties expect that some discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Plaintiff has requested that production of electronic documents be made in searchable PDF format and that the production of any records of telemarketing calls be produced in their native format. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

3. Privilege and Preservation

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

4. Limitations on Discovery

4919-5893-8961 v.2

The Parties do not anticipate any changes to the limitations set forth in the Rules. However, as discussed herein, Defendant seeks to bifurcate discovery on Plaintiff's individual claims from discovery on Plaintiff's class claims. The Plaintiff opposes that requested relief.

5. Additional Orders

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d). The parties will separately be seeking permission to attend the hearing by Zoom consistent with the Court's scheduling order. The parties will timely submit any such motion requesting permission to attend the hearing remotely.

D. **Consent to Magistrate**

The parties do not consent to proceeding before a magistrate judge.

II. PROPOSED PRETRIAL SCHEDULES

A. **Plaintiff's Proposed Pretrial Schedule**

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | July 3, 2025 |
| Deadline to Amend Pleadings | September 19, 2025 |
| Discovery Deadline | January 16, 2026 |
| Plaintiff's Expert Reports | February 17, 2026 |

4919-5893-8961 v.2

| | |
|---|---|
| Defendant's Expert Reports | March 17, 2026 |
| Any Reply Reports | March 31, 2026 |
| Class Certification Motion Deadline | By April 17, 2026 |
| Defendant's Opposition to Class Certification Motion | 21 days after filing |
| Plaintiff' Reply to Class Certification Motion | 14 days after the opposition is filed. |
| ADR Deadline | January 16, 2026 |
| Summary Judgment Deadline | 45 days after a ruling on Plaintiff's class certification motion |
| Pretrial Conference | TBD |
| Trial | TBD |

B. **Defendant's Proposed Pretrial Schedule**

| EVENT | PROPOSAL |
|---|---|

| Initial Disclosures | July 20, 2025 |
|---|---|
| Deadline to Amend Pleadings | Defendant's agrees to Plaintiff's proposal |
| Bifurcated Fact Discovery Deadline | October 30, 2025 |
| End Date For Bifurcated Discovery | December 30, 2025 |
| End Date for Depositions, Other than Expert Depositions, as to Bifurcated Issues | November 30, 2025 |
| Plaintiff's Designation of Trial Experts and 26(a)(2) Disclosures As to Bifurcated Issues | January 30, 2026 |
| Defendant's Designation of Trial Experts and 26(a)(2) Disclosures As to Bifurcated Issues | March 2, 2026 |
| Depositions of Plaintiff's Experts on Bifurcated Issues | March 2, 2026 |
| End Date for All Bifurcated Discovery Including Experts | April 2, 2026 |
| Dispositive Motions on Bifurcated Issues | May 2, 2026 |

| Class Discovery to Commence | Fourteen (14) days after any denial of dispositive motion on bifurcated issues |
|---|---|
| Class Certification Deadline | 120 days post denial of dispositive motion on bifurcated issues |

Dated: July 7, 2025                                                          Respectfully Submitted,

Attorneys for Plaintiff,                                                     Liberty Mutual Insurance Company,
By Counsel                                                                   By its attorney,

*/s/ Anthony I. Paronich*                                                    /s/ Kevin P. Polansky
Anthony I. Paronich                                                          Kevin P. Polansky, Esq. (BBO #667229)
PARONICH LAW, P.C.                                                           kevin.polansky@nelsonmullins.com
350 Lincoln Street, Suite 2400                                               Nelson Mullins Riley & Scarborough LLP
Hingham, MA 02043                                                            One Financial Center, Suite 3500
Telephone: (508) 221-1510                                                    Boston, MA 02111
anthony@paronichlaw.com                                                      Tel. (617) 217-4700

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Anthony I. Paronich*
Anthony I. Paronich

4919-5893-8961 v.2