UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:25-cv-11121-PBS<br><br>Leave to File Granted on July 16, 2025 |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant") hereby submits this Reply Memorandum of Law in Support of its Motion to Bifurcate Discovery and respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 16(b)(4) and 42(b), for entry of an order phasing discovery in Plaintiff Karen Summerset's ("Plaintiff") putative class action lawsuit alleging violations of section 227(b)(1)(A) of the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(b)(1)(A)(iii). To effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff's individual claim, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claim under TCPA section 227(b)(1)(A), (2) discovery into the appropriateness of class certification if Plaintiff's claim proceeds, and (3) if any class is ultimately certified, merits discovery for the class.

**I.     INTRODUCTION**

Liberty Mutual has proposed a practical and administrable, three-phased discovery approach that will conserve time and resources for the parties and the Court alike—addressing first Plaintiff's individual TCPA claim; then class certification issues, if warranted; and finally, class-wide merits, if

1

ultimately necessary. Plaintiff opposes this commonsense approach by contending, in speculative fashion, that bifurcation is unwarranted, duplicative, and prejudicial. *See* ECF No. 14 at 3–10. Plaintiff's concerns are misplaced. District courts frequently phase discovery when a threshold issue might be dispositive of a plaintiff's claims, such that limiting discovery to that issue would conserve the parties' and the court's resources. *See, e.g.*, *Paieri v. W. Conf. of Teamsters Pension Tr.*, No. 2:23-CV-00922-LK, 2024 WL 3455269, at *12–13 (W.D. Wash. June 21, 2024) (bifurcating discovery, noting that "[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"). Phased discovery is especially warranted in TCPA class actions because it promotes efficiency and prevents unnecessary intrusion into non-parties' private information. *See* ECF No. 12 at 2, 5–7 (collecting cases). This Court has broad "'discretion to tailor discovery narrowly,'" *Cutter v. HealthMarkets, Inc.*, No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (citation omitted), to serve these ends. Here, Plaintiff alleges that she received numerous prerecorded telemarketing calls initiated by or on behalf of Liberty Mutual absent her prior express written consent, *see* Compl. ¶¶ 18–25, in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *See* 47 C.F.R. § 64.1200(a)(1). Phased discovery will permit the parties first to determine whether Plaintiff has a viable individual TCPA claim before undertaking expansive class discovery affecting other potential class members. Liberty Mutual's structured approach thus serves both judicial economy and privacy interests, while ensuring compliance with Rule 23's requirements.

## II.   ARGUMENT

### A. Phased Discovery Promotes Judicial Economy.

Plaintiff's primary bases for opposing a phased discovery approach center on her contention that bifurcation is inefficient, prejudicial, and unduly duplicative, and that it will inevitably lead to unnecessary discovery disputes, given the inherently blurred distinctions between class and merits issues. *See* ECF No. 14 at 3–7. As Plaintiff tells it, judicial economy strongly weighs against phasing

discovery because doing so would necessitate "three rounds of written discovery, three rounds of depositions . . . , and then two rounds of summary judgment briefing." *Id.* at 4. According to Plaintiff, denial of bifurcation is thus warranted based on judicial economy and convenience alone. *Id.* (citations omitted). These contentions are unavailing.

Although courts across circuits routinely recognize that phasing discovery is appropriate in TCPA actions where threshold issues could dispose of the entire case, *see* ECF No. 12 at 5–7, Plaintiff simply ignores this contrary authority. "In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery." *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22 CV 02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023); *see Fania v. Kin Ins., Inc.*, No. 22-12354, 2024 WL 2607303, at *2–3 (E.D. Mich. May 24, 2024) (bifurcating discovery to address "'the narrow case-dispositive questions of[:] (1) whether [p]laintiff himself received a pre-recorded call (and therefore could even attempt to bring a claim on behalf of the putative class)[,] and (2) whether [defendant] is legally responsible for such calls'" (citation omitted)); *Newell v. Aliera Healthcare, Inc*, No. 19-1489, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (granting TCPA defendant's motion to bifurcate discovery to first address the potentially dispositive issues of whether the plaintiff was called by an automatic telephone dialing system ("ATDS") and whether plaintiff provided prior express consent); *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (granting motion to bifurcate in TCPA action; concluding that "that whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues," and noting that "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive"); *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2 (D.

3

Mass. Feb. 27, 2019) (bifurcating individual merits and class discovery, explaining that "class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, [and] whether named Plaintiffs[] are within the classes they purport to represent" (footnote omitted)); *Physicians Healthsource, Inc. v. Janssen Pharm, Inc.*, Civil Action No. 12-2132 (FLW), 2014 WL 413534, at *4-5 (D.N.J. Feb. 4, 2014) (bifurcating discovery in TCPA fax case based on a narrow, potentially dispositive issue distinct from class issues, and recognizing that bifurcation had the potential to "save the parties and the Court from the substantial costs and burdens associated with whole scale [sic] class action discovery"). The same result should obtain here.

If the initial phase of discovery reveals that Plaintiff's § 227(b)(1)(A)(iii) claim fails or that Plaintiff is otherwise not an adequate class representative, then far more resource-intensive discovery on the merits of the purported class claims can be avoided. *See Katz*, 2019 WL 957129, at *2 (noting that "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims"); *Fania*, 2024 WL 2607303, at *3 ("Here, the need for class discovery may be eliminated if [defendant] is able to demonstrate that . . . the sole named [p]laintiff[] lacks a viable individual claim" (citing *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001)). Bifurcation *favors* judicial economy by obviating unnecessary class-wide discovery prior to addressing the merits of Plaintiff's individual TCPA claim.

**B. There Is No Substantial Overlap Between Merits Discovery and Class Discovery that Counsels Against Bifurcation.**

Plaintiff contends that "[t]here is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification." ECF No. 14 at 4. She cites *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013), for the proposition that the "'[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal

4

issues comprising the plaintiff's cause of action.'" ECF No. 14 at 4–5 (quoting *id.*).[1] Plaintiff invokes TCPA cases where some courts have declined bifurcation on the basis that the partition between class and merits issues is often blurred. *Id.* at 5–7 (collecting cases). Plaintiff's arguments are unpersuasive.

While some inevitable "overlap" may exist in <u>any</u> putative class action, as noted *supra*, courts nonetheless *routinely* bifurcate discovery in TCPA cases specifically to allow the resolution of individual claims before undertaking expansive class-wide discovery. *E.g.*, *Pavelka*, 2023 WL 3728199, at *2; *Fania*, 2024 WL 2607303, at *2–3; *Katz*, 2019 WL 957129, at *2; *Akselrod*, 2021 WL 100666, at *2; *see also* ECF No. 12 at 5–7. Moreover, Plaintiff's contention that bifurcation would engender inevitable disputes over the scope of merits versus class discovery, *see* ECF No. 14 at 4, 6–7, is entirely unfounded. As an initial matter, some of the out-of-circuit authority upon which Plaintiff relies is readily distinguishable.[2] Regardless, as Liberty Mutual has noted, under its proposed

---

[1] *Comcast* does not undermine the benefits of phased discovery here: The issue before this Court in resolving the instant Motion is not, as in *Comcast*, whether class certification is proper, *see Comcast*, 569 U.S. at 34–38, but whether phased discovery at this early stage of litigation is warranted given the inherently individualized consent inquiry that may be dispositive of Plaintiff's TCPA claim.

[2] For example, Plaintiff cites *Nock v. PalmCo Administration, LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025); ECF No. 14 at 6 (quoting *id.*). *Nock*, however, is factually distinguishable. There, the parties had engaged in *both* individual and class discovery for *nearly eight months* by the time the court ruled on the defendants' motion, and the defendants "ha[d] already produced documents that" the defendants themselves had "deem[ed] relevant primarily to class discovery," *Nock*, 2025 WL 100894, at *3. The Magistrate Judge found these considerations relevant to the prejudice inquiry. *See id.* ("It seems the parties have engaged in concurrent individual and class discovery for close to eight months, and it makes little sense to change course now."). In contrast, discovery in this case is still in its nascence, and Liberty Mutual has not produced any documents that are "relevant primarily to class" issues. *Id.*

Plaintiff also relies upon *Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2–3 (N.D. Tex. Mar. 19, 2025). But there, the district court had already granted in part a motion to compel brought by the plaintiff, which, as the plaintiff contended in opposing bifurcation, "involved class wide discovery." *Id.* at *2. The court alluded to this prior order in concluding "that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of [plaintiff's] individual claims and issues of class certification." *Id.* at *3 ("[T]he undersigned already found that [defendant] 'may not avoid appropriate classwide discovery that is—as [plaintiff] persuasively argues—necessary for a future class certification motion.'" (citation omitted)). Here, this Court has yet to rule on any discovery issues,

5

bifurcated model, the initial phase of discovery would be narrowly and primarily focused on a readily identifiable issue: whether Plaintiff possesses a valid individual claim against Defendant, which, in turn, hinges primarily upon whether any calls that Plaintiff allegedly received were initiated with her prior express written consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1), (2). Whether Plaintiff provided prior express written consent to be contacted is an "issue[] of liability" plainly distinct from discovery on "class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation)." *Akselrod*, 2021 WL 100666, at *2. As such, Plaintiff's supposed concern about potential discovery disputes *in this case* is a red herring.

What is more, there is a substantial possibility that this action will not progress beyond the first phase, given the consent evidence bearing upon Plaintiff's *individual* claim that Liberty Mutual has already adduced.[3] Indeed, in *Newell*, the Northern District of Georgia reasoned that "[b]ecause consent is a dispositive issue . . . limited discovery on how [defendants] acquired [p]laintiff's contact information and whether that acquisition constitutes consent under the TCPA 'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale [sic]

---

and thus, unlike in *Bond*, Plaintiff cannot argue that Liberty Mutual's "bifurcation proposal is an 'end-run' around" any order of this Court implicating "classwide discovery." *Id.* at *3.

[3] Liberty Mutual has identified electronic records indicating that Plaintiff's contact information (the "Summerset Lead") was entered into an online form for the solicitation of insurance quotes, located at the following URL: https://coveragehero.com/asf-r. The corresponding documentation for the Summerset Lead is reproduced in both a Verisk (formerly Jornaya) Visual Playback link and an ActiveProspect TrustedForm Certificate. The relevant Verisk Visual Playback is accessible at the following link: https://bit.ly/3In2KGG. And the ActiveProspect TrustedForm Certificate can be located at the following URL: https://bit.ly/44EmKMf. Plaintiff asserts that Liberty Mutual has not demonstrated "that it has any *unique* defenses to [her] claim that don't also apply to the other individuals that were" allegedly "contacted with pre-recorded calls." ECF No. 14 at 8 (emphasis in original). Plaintiff's counsel has since been provided the above documentation indicating the entry of Plaintiff's contact information into the relevant online form. Under Liberty Mutual's proposal for discovery, Plaintiff will have every opportunity to contest the veracity of these records and seek further discovery bearing upon the viability of her TCPA claim. The above electronic records are merely referenced here to stress that discovery into the merits of Plaintiff's claim, is an *inherently individualized inquiry* that does *not* substantially overlap with class discovery.

class action discovery.'" *Id.* (citation omitted). So too here. There is thus minimal overlap between merits and class discovery that would counsel in favor of denying the pending Motion. And, for that reason, a phased, targeted approach is unlikely to lead to protracted disputes over what constitutes merits versus class discovery.

Plaintiff also avers that her counsel "has disclosed to counsel for Defendant that they have been retained by *another individual* with a claim against Liberty Mutual," insisting that "[t]his is a substantial factor against having a dedicated discovery period to one individual's claims," ECF No. 14 at 7 (emphasis added); *see also id.* at 9. This argument is meritless: The other "individual with a claim against Liberty," *id.*, is irrelevant to the bifurcation issue here. Indeed, unlike in *Charvat v. Plymouth Rock Energy, LLC*, that other claimant *is not named in the Complaint in <u>this</u> action*. *Compare* No. 15CV4106JMASIL, 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016) (noting that "even if the named Plaintiff's claim were defeated, there is no reason to think that this case would likely end" because *"[t]he Complaint identifies complaints by two other individuals involving [defendant]* . . . and either one could replace Plaintiff as a class representative" (emphasis added)).

### C. Bifurcation Will Not Prejudice Plaintiff or the Putative Class.

Plaintiff's contention that "segmented discovery periods would . . . prejudice [her] and other class members by amplifying the risk that evidence will be lost or destroyed" is similarly speculative and factually unsupported. *See* ECF No. 14 at 9. Unsurprisingly, courts have repeatedly rejected such pretextual spoliation arguments when raised by TCPA plaintiffs. For example, in *Newell*, the court found "not overly persuasive" plaintiff's "concern over delay and the possibility that evidence will be lost or destroyed" because, "[a]s parties to th[e] lawsuit, both [defendants were] on notice to preserve evidence pertaining to" the litigation. 2020 WL 13568762, at *3 (footnote omitted). Moreover, "any prejudice to Plaintiff [was] significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery." *Id.* (citation omitted). Other courts have

7

come to a similar conclusion. *See Akselrod*, 2021 WL 100666, at *2 (rejecting TCPA plaintiff's contention "that a delay in class discovery poses a risk that the third-party [defendant] used to send the messages at issue will destroy relevant call records before [plaintiff] can obtain them"; noting that "[t]o prevent the possibility of evidence spoliation, [plaintiff] may subpoena the third party at issue or take some other action to ensure the preservation of records."); *Deleon v. Time Warner Cable LLC*, No. CV 09–2438 AG (RNBX), 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009). Liberty Mutual has implemented a litigation hold and taken reasonable steps to preserve all relevant records. Plaintiff hypothesizes about potential future spoliation or inadvertent destruction of evidence in the abstract without demonstrating an immediate risk of loss, *see id.* at 9–10, ignoring the availability of preservation orders to safeguard relevant evidence.

Liberty Mutual will doubtless be prejudiced should the Court allow costly class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiff's individual claim. Phasing discovery, however, "will promote the efficient resolution of this matter," and "allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant prejudice to Plaintiff." *Newell*, 2020 WL 13568762, at *3.

### III.  CONCLUSION

For the foregoing reasons, and those set forth in its Memorandum of Law in Support of Its Motion to Bifurcate, Liberty Mutual respectfully requests that the Court enter an Order phasing discovery pursuant to Federal Rules of Civil Procedure 16(b)(4) and 42(b).

*[Signatures on Following Page]*

Respectfully Submitted,

Liberty Mutual Insurance Company,

By its attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4700
Fax (617) 217-4710

Dated: July 16, 2025

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 16, 2025

*/s/ Kevin P. Polansky*
Kevin P. Polansky