UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:25-cv-11121-PBS<br><br>**CLASS ACTION**<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO BIFURCATE DISCOVERY</u>**

Liberty Mutual's reply stakes its bifurcation request on one new premise: a pair of vendor links it claims trace Ms. Summerset's number to a CoverageHero lead-generation page. That premise does not narrow the case; it broadens it. The site's generic, seller-agnostic form presents the same consent question for every putative class member, and resolving that question requires discovery from the same web host and data brokers that supply Liberty Mutual's entire lead stream. The reply therefore underscores—instead of refuting—the need for unified, not phased, discovery.

**I.  Liberty Mutual's "Summerset Lead" arguments were raised for the first time in its reply brief and are therefore waived.**

Liberty Mutual first unveiled its "Summerset Lead" theory in its reply. Under First Circuit law, points raised for the first time in a reply brief are waived. *R.I. Truck Ctr., LLC v. Daimler Trucks N. Am., LLC*, 92 F.4th 330, 354 n.12 (1st Cir. 2024) (citing *United States v. Vanvliet*, 542 F.3d 259, 265 n.3 (1st Cir. 2008)). Because the Liberty Mutual's brief did not disclose the CoverageHero links nor argued that they create an "individualized" consent defense in its

1

opening memorandum, the Court can disregard that new material outright and decide the bifurcation motion on the record originally presented.

## II. Even if the Court considers the Liberty Mutual's new argument it does not justify phasing discovery.

In its reply, Liberty Mutual, for the first time, points to vendor links from Verisk/Jornaya and ActiveProspect that supposedly show an individual entered their number at CoverageHero.com. That contention is not a clean, individual defense. The CoverageHero landing page is a generic lead-generation funnel operated by SmartFinancial, an Ohio aggregator that sells data to many sellers, apparently including Libert Mutual. Because every putative class member who arrived through CoverageHero encountered the same boilerplate language, the validity of the consent turns on uniform website content and vendor practices, not on plaintiff-specific facts. Testing that defense will require discovery from SmartFinancial, Verisk, ActiveProspect, and the carrier's other lead vendors. Those subjects overlap with commonality, typicality, and predominance under Rule 23; they cannot be postponed to a later "class-merits" phase.

## III. The Reply's remaining points do not support bifurcation.

Liberty Mutual argues that phased discovery avoids "three rounds" of written requests and depositions. A single, proportional schedule is more efficient: the same witnesses and documents—SmartFinancial, Verisk, ActiveProspect, coverage screenshots, and vendor contracts—bear both on plaintiff's claim and on class elements. Liberty Mutual dismisses concerns about evidence loss by citing its litigation hold, but key data (session recordings, HTML versions, server logs) reside with third-party vendors who purge records routinely. Early, unified discovery is the only practical way to preserve that material. Finally, the presence of another claimant

2

represented by counsel underscores numerosity and common proof; it does not weigh in favor of segregating discovery. Unified discovery is thus the only course consistent with Rule 26(b)(1)'s proportionality calculus and Rule 23(c)(1)(A)'s directive to decide certification early.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Bifurcate Discovery Should be Denied.

| Dated: July 30, 2025 | Respectfully Submitted: |
|---|---|
|  | /s/ *Anthony Paronich* <br><br> Anthony Paronich <br> Email: anthony@paronichlaw.com <br> PARONICH LAW, P.C. <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> Telephone: (617) 485-0018 <br> Facsimile: (508) 318-8100 <br><br> Chris Gold <br> Florida Bar No. 088733 (admitted pro hac vice) <br> GOLD LAW, PA <br> 350 Lincoln Rd., 2nd Floor <br> Miami Beach, FL 33139 <br> Tel: 561-789-4413 <br> chris@chrisgoldlaw.com |