UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET and SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:25-cv-11121-PBS |

**LIBERTY MUTUAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF SARA TAYLOR'S CLAIMS AND TO STRIKE CLASS**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") hereby moves to dismiss Plaintiff Sara Taylor's claims against it as asserted in Plaintiffs Karen Summerset and Sara Taylor's First Amended Class Action Complaint ("Complaint"), ECF No. 34, for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule 12(b)(6), and to strike Plaintiffs' class allegations under Federal Rules 12(f) and 23 as an impermissible fail-safe class.

**I.    INTRODUCTION**

Plaintiffs, Karen Summerset and Sara Taylor, filed a Complaint against Liberty Mutual seeking damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), individually and on behalf of putative class members. *See generally* Pls.' Compl.  Plaintiffs allege that Liberty Mutual placed calls to Plaintiffs and putative class members using an artificial or prerecorded voice without consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *See id*. ¶¶ 47-56.  Liberty Mutual previously filed its Answer to Plaintiff Karen

Summerset's Complaint, ECF No. 9, on June 11, 2025. On November 20, 2025, Plaintiffs filed their First Amended Class Action Complaint, adding Plaintiff Sara Taylor.

Plaintiffs allege: "At all relevant times Plaintiff Taylor was the subscriber and primary user of a cellular telephone number ending in 2486." Pls.' Compl. ¶ 27. Liberty Mutual has no record of calling that number. However, Plaintiffs allege: "All of the calls came **from** (706) 493-**2486**." *Id*. ¶ 32 (emphasis added). Liberty Mutual suspects that Plaintiffs inadvertently included telephone number 706-493-2486, the number **from which** Plaintiffs allege "[a]ll of the calls came", in place of Plaintiff Sara Taylor's telephone number **to which** Plaintiffs allege Liberty Mutual placed prerecorded voice calls. *See id*. ¶¶ 27, 32. Undersigned counsel's office contacted Plaintiffs' counsel via email on December 8, 2025, to alert Plaintiffs' counsel of this apparent error, request confirmation of Plaintiff Sara Taylor's telephone number, offer to forego filing Liberty Mutual's Motion To Dismiss if Plaintiffs would instead amend their Complaint to include Sara Taylor's correct telephone number, and advise of their availability to meet and confer on these issues. Plaintiffs' counsel refused to correct the apparent error, to provide Plaintiff Sara Taylor's correct telephone number, or to meet and confer by phone or video conference to discuss these issues, instead advising Liberty Mutual to issue discovery. The problem with Plaintiffs' counsel's position is that standing and claim sufficiency are pleadings issues, not discovery issues. Accordingly, the Court should dismiss Plaintiff Sara Taylor's claims against Liberty Mutual for lack of standing and failure to state a claim.

The Court should also strike Plaintiffs' class allegations because Plaintiffs' proposed TCPA Prerecorded Voice Class is an impermissible fail-safe class. In their Complaint, Plaintiffs propose the following class:

> **TCPA Prerecorded Voice Class**: All persons in the United States who, during the period beginning four years prior to the filing of this action and the date of class

certification, (1) received a telephone call (2) on their cellular phone (3) from Defendant or on its behalf (4) that used an artificial prerecorded voice, (5) and from whom Defendant does not possess evidence of prior express written consent to such calls.

Pls.' Compl. ¶ 38. As discussed below, Plaintiffs' proposed class definition is merely an itemization of the elements of a valid TCPA claim, eliminates Liberty Mutual's most critical affirmative defense of consent, and includes a filter for the applicable four-year statute of limitations. Plaintiffs' definition is therefore designed to include only class members who will necessarily prevail against Liberty Mutual on a TCPA claim. Such class definitions are considered a "fail-safe" class and are impermissible.

## II. ARGUMENT

### A. Plaintiff Sara Taylor Lacks Standing And Fails To State A Claim Against Liberty Mutual.

The Court should dismiss Plaintiff Sara Taylor's claims because she lacks standing and fails to state a claim against Liberty Mutual. As this Court previously explained: "In order to establish standing," the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Physician's Healthsource, Inc. v. Vertex Pharms. Inc.*, 247 F. Supp. 3d 138, 147–48 (D. Mass. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc.*, 578 U.S. at 338. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly allege facts demonstrating' each element."

*Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 490 (1975)).  Without identifying a telephone number for Plaintiff Sara Taylor that Liberty Mutual called, Plaintiff Sara Taylor cannot "show...that [she] suffered an injury in fact that is concrete, particularized, and actual or imminent" or "that the injury was likely caused by" Liberty Mutual.  *TransUnion LLC*, 594 U.S. at 423.

Similarly, "the elements of a TCPA claim [based on the use of an artificial or prerecorded voice] are: (1) the defendant used...an artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular telephone service" to which "the plaintiff's telephone number is assigned" or "to a service for which the called party is charged for the call."  *Breda v. Cellco P'ship*, 934 F.3d 1, 4 (1st Cir. 2019).  Dismissal is proper where "Plaintiff's complaint fails to adequately plead all elements necessary to sustain a TCPA claim."  *Jones v. FMA All. Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013).  Plaintiff Sara Taylor's failure to identify a telephone number that Liberty Mutual called is fatal to her TCPA claim against Liberty Mutual because, without such a number, she cannot prove that Liberty Mutual called a telephone number that was "assigned to a cellular telephone service" to which her "telephone number is assigned" or that she was charged for any call from Liberty Mutual.  *Breda*, 934 F.3d at 4.  Consequently, Plaintiffs' Complaint "fails to adequately plead all elements necessary to sustain a TCPA claim" on behalf of Plaintiff Sara Taylor against Liberty Mutual.  *Jones*, 978 F. Supp. 2d at 87.

Plaintiff Sara Taylor failed to identify a telephone number that Liberty Mutual called.  Without such a telephone number, Plaintiff Sara Taylor lacks standing to assert her individual TCPA claim against Liberty Mutual.  *Physician's Healthsource, Inc.*, 247 F. Supp. 3d at 147–48.  Likewise, without such a telephone number, Plaintiff Sara Taylor fails to state a TCPA claim against Liberty Mutual upon which relief can be granted.  *Breda*, 934 F.3d at 4.  The Court should therefore dismiss Plaintiff Sara Taylor's claims against Liberty Mutual.

B. **Plaintiffs' Proposed Class Constitutes An Impermissible Fail-Safe Class.**

"If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013). This is precisely the scenario at issue with respect to Plaintiffs' proposed fail-safe class. *See* Pls.' Compl. ¶ 38. As this Court previously noted: "A 'fail-safe class' 'is defined so that whether a person qualifies as a member depends on whether the person has a valid claim on the merits.'" *Bais Yaakov of Spring Valley v. ACT, INC.*, 328 F.R.D. 6, 13 (D. Mass. 2018) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)), *aff'd*, 12 F.4th 81 (1st Cir. 2021). "The First Circuit has noted that these classes are 'inappropriate' as they make it 'virtually impossible for the Defendants to ever "win" the case, with the intended class preclusive effects.'" *Id*. (quoting *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22 n.19 (1st Cir. 2015)).

As discussed above, "the elements of a TCPA claim [based on the use of an artificial or prerecorded voice] are: (1) the defendant used...an artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular telephone service" to which "the plaintiff's telephone number is assigned" or "to a service for which the called party is charged for the call." *Breda*, 934 F.3d at 4. Plaintiffs' Complaint defines the following class:

> **TCPA Prerecorded Voice Class**: All persons in the United States who, during the period beginning four years prior to the filing of this action and the date of class certification, (1) received a telephone call (2) on their cellular phone (3) from Defendant or on its behalf (4) that used an artificial prerecorded voice, (5) and from whom Defendant does not possess evidence of prior express written consent to such calls.

Pls.' Compl. ¶ 38. Plaintiffs' proposed "class definition essentially mirrors the elements for a [TCPA] private cause of action." *MSP Recovery Claims, Series LLC & Series 17-04-631 v. Plymouth Rock Assurance Corp., Inc.*, 404 F. Supp. 3d 470, 485 (D. Mass. 2019) (striking class

allegations from complaint based on finding that proposed class was an impermissible fail-safe class).

Under Plaintiffs' proposed class definition, conditions (1) through (4), which cover "[a]ll persons in the United States who...received a telephone call on their cellular phone from Defendant or on its behalf", "essentially mirror[] the elements for a" TCPA claim based on artificial or prerecorded voice calls.  Pls.' Compl. ¶ 38; *MSP Recovery Claims*, 404 F. Supp. 3d at 485; *Breda*, 934 F.3d at 4.  Further, Plaintiffs' limitation under condition (5), which restricts the proposed class to individuals "from whom Defendant does not possess evidence of prior express written consent to such calls", is a blatant fail-safe mechanism that is designed to eliminate any chance Liberty Mutual would have in establishing its most vital affirmative defense: that Plaintiffs and putative class members consented to receive insurance information from Liberty Mutual.  Under the TCPA, "consent [is] an affirmative defense, which the caller has the burden to prove." *Breda*, 934 F.3d at 5 n.4 (1st Cir. 2019).  "A defendant who establishes that a consumer consented to receive telemarketing calls is not liable for a violation of the TCPA." *Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66, 71 (D. Mass. 2023).  Plaintiffs' proposed class definition would prevent Liberty Mutual from establishing consent and would "make it 'virtually impossible for [Liberty Mutual] to ever "win" the case'". *Bais Yaakov of Spring Valley*, 328 F.R.D. at 13 (quoting *In re Nexium Antitrust Litig.*, 777 F.3d at 22 n.19).  Moreover, Plaintiffs' proposed class definition includes a filter to ensure that all potential claims satisfy the applicable four-year statute of limitations in TCPA cases.  *See Sparkle Hill, Inc. v. Interstate Mat Corp.*, No. CIV.A. 11-10271-RWZ, 2014 WL 2215756, at *2–3 (D. Mass. May 23, 2014), *aff'd*, 788 F.3d 25 (1st Cir. 2015) (applying general four-year statute of limitations for federal claims to the TCPA).

By Plaintiffs' definition, all members included in the proposed TCPA Prerecorded Voice Class would necessarily prevail against Liberty Mutual because the proposed class merely lists the elements of a TCPA claim based on the use of an artificial or prerecorded voice message, eliminates the critical affirmative defense of consent, and filters out any time-barred claims. "Thus, the class fits squarely within the definition of a 'fail-safe class' because class membership is defined by whether or not members have a valid claim." *Bais Yaakov of Spring Valley*, 328 F.R.D. at 14. As such, the Court should strike Plaintiffs' proposed class as an impermissible fail-safe class. *In re Nexium Antitrust Litig.*, 777 F.3d at 22.

### III.  CONCLUSION

Plaintiff Sara Taylor's failure to identify a telephone number that Liberty Mutual called precludes a finding of standing to assert her individual TCPA claim against Liberty Mutual and prevents her from stating a claim upon which relief can be granted. *Physician's Healthsource, Inc.*, 247 F. Supp. 3d at 147–48; *Jones*, 978 F. Supp. 2d at 87. The Court should therefore dismiss Plaintiff Sara Taylor's claims against Liberty Mutual. Additionally, Plaintiffs' proposed TCPA Prerecorded Voice Class definition constitutes an impermissible fail-safe class. *In re Nexium Antitrust Litig.*, 777 F.3d at 22. The Court should therefore strike Plaintiffs' class allegations from the Complaint.

Dated: December 10, 2025

Respectfully Submitted,
Liberty Mutual Insurance Company,
By its attorney,

 */s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4700

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 10, 2025

                                                        */s/ Kevin P. Polansky*
                                                        Kevin P. Polansky