UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SUMMERSET and SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:25-cv-11121-PBS<br><br>**LEAVE TO FILE GRANTED ON DECEMBER 31, 2025** |

**LIBERTY MUTUAL INSURANCE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF SARA TAYLOR'S CLAIMS AND TO STRIKE CLASS**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") files this Reply brief in support of its Motion To Dismiss Plaintiff Sara Taylor's Claims for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule 12(b)(6), and its Motion To Strike Class under Federal Rules 12(f) and 23 as an impermissible fail-safe class.

**I.   INTRODUCTION**

Plaintiffs' Opposition to Liberty Mutual's Motion To Dismiss fails to resolve the irreconcilable allegations that Plaintiff Sara Taylor received telephone calls, allegedly in violation of the TCPA, from the same telephone number that she alleges is her own. The Court cannot defer to those allegations where their truth is impossible. Liberty Mutual gave Plaintiffs an opportunity to amend their Complaint, but Plaintiffs refused, choosing instead to stand firm on their allegations that Liberty Mutual called Plaintiff Sara Taylor from the same telephone number that she alleges is her own. Dismissal is appropriate in these circumstances.

With respect to Liberty Mutual's Motion To Strike Class, Plaintiffs' Opposition fails to address controlling law in the First Circuit, including opinions of this Court, holding that fail-safe classes which, by design, include only valid claims, are impermissible and properly stricken at the pleadings stage.  Instead, Plaintiffs' Opposition muddies the waters by citing opinions that do not address fail-safe classes.  Similarly, Plaintiffs' argument that the Court should deny Liberty Mutual's Motion To Strike Class because Liberty Mutual filed an Answer to Plaintiff Karen Summerset's original Complaint is irrelevant to Liberty Mutual's timely Motion To Strike Class in response to Plaintiffs' First Amended Class Action Complaint.  The Court should strike Plaintiffs' class allegations because Plaintiffs' proposed TCPA Prerecorded Voice Class is an impermissible fail-safe class designed to include only valid claims against which Liberty Mutual would have no defense.

## II.   ARGUMENT

### A.   Plaintiff Sara Taylor Lacks Standing And Fails To State A Claim Against Liberty Mutual.

Plaintiff Sara Taylor lacks standing and fails to state a claim against Liberty Mutual. Plaintiffs' Opposition fails to establish a basis for tracing any telephone calls that Plaintiff Sara Taylor may have received to Liberty Mutual.  *See Physician's Healthsource, Inc. v. Vertex Pharms. Inc.*, 247 F. Supp. 3d 138, 147–48 (D. Mass. 2017) ("In order to establish standing," the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016)).  Plaintiffs' argument that telephone numbers are not a pleading requirement for TCPA claims misses the point: Plaintiff Sara Taylor cannot have received telephone calls from the same telephone number that she claims is her own.  It is the factual impossibility of Plaintiff Sara Taylor's claims, not her failure to plead

her telephone number, that precludes a finding of standing and prevents her from stating a TCPA claim. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ("If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve'") (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)).  By choosing to stand firm on Plaintiff Sara Taylor's irreconcilable telephone number allegations rather than to amend their Complaint, Plaintiff Sara Taylor cannot "show...that [she] suffered an injury in fact that is concrete, particularized, and actual or imminent" or "that the injury was likely caused by" Liberty Mutual and the Court should dismiss her claims. *Id*. at 423.

## B. Plaintiffs' Proposed Class Constitutes An Impermissible Fail-Safe Class.

As noted in Liberty Mutual's Motion To Strike Class, this Court previously explained: "A 'fail-safe class' 'is defined so that whether a person qualifies as a member depends on whether the person has a valid claim on the merits.'" *Bais Yaakov of Spring Valley v. ACT, INC.*, 328 F.R.D. 6, 13 (D. Mass. 2018) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)), *aff'd*, 12 F.4th 81 (1st Cir. 2021).  That is precisely what Plaintiffs' proposed TCPA Prerecorded Voice Class seeks to do here: limit the potential class only to members who, by definition, have a valid TPCA claim against Liberty Mutual, effectively precluding a viable defense. *Id*. at 22 n.19 ("The First Circuit has noted that these classes are 'inappropriate' as they make it 'virtually impossible for the Defendants to ever "win" the case, with the intended class preclusive effects'") (quoting *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22 n.19 (1st Cir. 2015)). Plaintiffs' Opposition ignores the fail-safe class issue altogether, focusing instead on courts' reluctance to dispose of class allegations prior to class discovery.  *See Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308 (D. Mass. 2020); *see Krakauer v. Dish Network, L.L.C.*,

925 F.3d 643 (4th Cir. 2019). However, Plaintiffs do not cite to a single case holding that a fail-safe class is immune from striking at the pleadings stage, likely because no such cases exist. To the contrary, as Liberty Mutual noted in its Motion, Plaintiffs' proposed TCPA Prerecorded Voice Class "essentially mirrors the elements for a [TCPA] private cause of action", rendering the proposed class an impermissible fail-safe class subject to striking at the pleadings stage as this Court has done previously. *MSP Recovery Claims, Series LLC & Series 17-04-631 v. Plymouth Rock Assurance Corp., Inc.*, 404 F. Supp. 3d 470, 485 (D. Mass. 2019) (striking class allegations from complaint based on finding that proposed class was an impermissible fail-safe class). Finally, Plaintiffs' argument that "the Court should remain especially skeptical of Liberty Mutual's" Motion To Strike Class because Liberty Mutual filed an Answer to Plaintiff Karen Summerset's original Complaint bears no relevance to Liberty Mutual's Motion. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint" and "[t]hereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case'") (quoting *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003)). Accordingly, the Court should dismiss Plaintiffs' class allegations based on Plaintiffs' proposed impermissible fail-safe TCPA Prerecorded Voice Class.

### III.    CONCLUSION

The Court should dismiss Plaintiff Sara Taylor's claims for lack of standing and failure to state a claim based on her irreconcilable allegations that she received telephone calls, allegedly in violation of the TCPA, from the same telephone number that she alleges is her own, particularly where Plaintiffs chose to stand firm on their impossible allegations rather than amend their Complaint. Further, the Court should strike Plaintiffs' class allegations because Plaintiffs' proposed TCPA Prerecorded Voice Class is an impermissible fail-safe class, and Plaintiffs'

Opposition ignores controlling First Circuit case law holding that fail-safe classes are impermissible and properly stricken at the pleadings stage.

Dated: December 31, 2025

          Respectfully Submitted,
          Liberty Mutual Insurance Company,
          By its attorney,

          */s/ Kevin P. Polansky*
          Kevin P. Polansky, Esq. (BBO #667229)
          kevin.polansky@nelsonmullins.com
          Nelson Mullins Riley & Scarborough LLP
          One Financial Center, Suite 3500
          Boston, MA 02111
          Tel. (617) 217-4700

## **CERTIFICATE OF SERVICE**

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 31, 2025

          */s/ Kevin P. Polansky*
          Kevin P. Polansky