**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN SUMMERSET and SARA TAYLOR, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>            Defendant. | Civil Action No. 1:25-cv-11121-PBS |

<u>**LIBERTY MUTUAL INSURANCE COMPANY'S**</u>
<u>**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Now Comes Defendant Liberty Mutual Insurance Company ("Liberty Mutual") and hereby answers Plaintiffs Karen Summerset And Sara Taylor ("Plaintiffs")'s First Amended Class Action Complaint ("Complaint"), ECF No. 34, as follows: Except as otherwise expressly admitted herein, Liberty Mutual denies all allegations contained in Plaintiffs' Complaint. Furthermore, any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation that may be contained in the averment or in Plaintiffs' Complaint as a whole.

**NATURE OF THE ACTION**

1.      Paragraph 1 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Liberty Mutual expressly denies that it violated the Telephone Consumer Protection Act ("TCPA"), and further denies that Plaintiffs and any of the alleged class members are entitled to relief under the TCPA, its implementing regulations, or otherwise.

1

2.      Paragraph 2 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder.

3.      Denied. Further responding, Liberty Mutual states that it had valid written prior express written consent, invitation, or permission to contact Plaintiffs and each of the alleged class members. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

4.      Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 56 of the Complaint.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 state a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual specifically denies that Plaintiffs have Article III standing or prudential standing to bring their claims under the TCPA against Liberty Mutual.

6.      The allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual specifically denies that the Court has personal jurisdiction to adjudicate the class allegations against Liberty Mutual, and further denies that any at-issue communications with Plaintiffs or the proposed class members constituted "telemarketing," as alleged.

7.      The allegations in Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual specifically denies that venue is appropriate with respect to Plaintiffs' class allegations.

8.      Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9.      Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10.     Liberty Mutual admits only that it is a legal entity organized under the laws of Massachusetts. Liberty Mutual specifically denies that its principal place of business is located in (non-existent) "Boston County, Massachusetts."

## TCPA BACKGROUND

11.     Paragraph 11 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent, invitation, or permission to contact Plaintiffs and each of the alleged class members.

12.     Paragraph 12 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent, invitation, or permission to contact Plaintiffs and each of the alleged class members. Liberty Mutual also denies that it made or initiated any calls to Plaintiffs or the proposed class members using an automatic telephone dialing system ("ATDS"), or an artificial or prerecorded voice. Further, Liberty Mutual

denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

13.    Paragraph 13 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent, invitation, or permission to contact Plaintiffs and each of the alleged class members. Liberty Mutual also denies that it made or initiated any calls to Plaintiffs or the proposed class members using an automatic telephone dialing system ("ATDS"), or an artificial or prerecorded voice. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

14.    Paragraph 14 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder.

15.    Paragraph 15 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder.

16.    The allegation in the first sentence in Paragraph 16 does not contain factual allegations to which a response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder. Liberty Mutual denies the remaining allegations in Paragraph 16.

4900-0901-2607 v.1

**FACTUAL ALLEGATIONS**

17. Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Liberty Mutual denies that it initiated any "unlawful" calls or communications to Plaintiffs as alleged. Further answering, Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith.

24. Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

26. Liberty Mutual denies that it made or initiated any call to Plaintiffs using an artificial or prerecorded voice as alleged.

27. Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27.

5

4900-0901-2607 v.1

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Liberty Mutual denies that it initiated any "unlawful" calls or communications to Plaintiffs as alleged. Further answering, Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith.

33.     Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith.

34.     Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual states that the calls at issue speak for themselves and denies any and all allegations inconsistent therewith. Further, Liberty Mutual denies that any of the communications at issue constituted telemarketing, telephone solicitations, or any other conduct covered by the TCPA.

35.     Liberty Mutual denies that it made or initiated any call to Plaintiffs using an artificial or prerecorded voice as alleged.

36.     Denied.

37.     Liberty Mutual lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 37.

## CLASS ALLEGATIONS

38.     Denied. Further answering, Liberty Mutual specifically denies that Plaintiffs' class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b).

39.     Denied. Further answering, Liberty Mutual specifically denies that Plaintiffs' class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that this case is appropriate for alleged class resolution.

40.     Denied. Further answering, Liberty Mutual specifically denies that Plaintiffs' class allegations satisfy any of the elements of Fed. R. Civ. P. 23(a) and (b), and denies that this case is appropriate for alleged class resolution.

41.     Denied.

42.     Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

### Count 1 – Alleged Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)
### (On Behalf of Plaintiff and the Putative TCPA Prerecorded Voice Class)

47.     Liberty Mutual incorporates by reference its responses to Paragraphs 1 through 46 as if fully set forth herein.

7

4900-0901-2607 v.1

48.     Paragraph 48 contains a legal conclusion to which no response is required. To the extent a response is required, Liberty Mutual denies that it violated the TCPA and denies that Plaintiffs or any alleged class member are entitled to any damages or remedies thereunder. Further responding, Liberty Mutual states that it had valid prior express consent to contact Plaintiffs and each of the alleged class members. Liberty Mutual also denies that it made or initiated any calls to Plaintiffs or the proposed class members using an artificial or prerecorded voice.

49.     Denied. Liberty Mutual also denies that it made or initiated any calls to Plaintiffs or the proposed class members using an artificial or prerecorded voice.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied. Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 56 of the Complaint.

54.     Denied. Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 46 of the Complaint.

55.     Denied. Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise.

8

56.     Denied. Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to any relief under the TCPA, its implementing regulations, or otherwise. Further answering, Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 56 of the Complaint.

## PRAYER FOR RELIEF

Denied. Liberty Mutual denies that Plaintiffs or any of the alleged class members are entitled to the relief requested in the Wherefore Clause and Paragraphs A–H set forth thereunder that follows Paragraph 56 of the Complaint. Liberty Mutual likewise denies that Plaintiffs and any of the alleged class members are entitled to single damages, multiple damages, or injunctive relief under the TCPA.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any damages caused by Liberty Mutual.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Liberty Mutual denies any allegations not specifically admitted herein and specifically denies that it violated any applicable law.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

9

4900-0901-2607 v.1

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, estoppel, and waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief because, to the extent she has suffered any harm or damages, such harm or damages were the result of her own conduct or conduct otherwise not attributable to Liberty Mutual.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any actual or statutory damages under the TCPA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for multiple damages under the TCPA is barred because Liberty Mutual did not violate the TCPA and did not commit any knowing or willful conduct.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because she or someone acting on her behalf provided valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Liberty Mutual reasonably relied on the good faith belief that Plaintiffs had given valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

10

### *TWELFTH AFFIRMATIVE DEFENSE*

This Court lacks subject matter jurisdiction over this action because Plaintiffs lack Article III standing and prudential standing to bring their claims against Liberty Mutual.

### *THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations are barred because each alleged class member gave their valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations for multiple damages under the TCPA are barred because Liberty Mutual did not violate the TCPA and did not commit any knowing or willful conduct.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations fail to satisfy any of the express or implied requirements of Federal Rules of Civil Procedure 23(a) and (b).

### *SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs fail to state a claim upon which relief may be granted on behalf of Plaintiffs and any of the alleged class members.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations are barred because they constitute impermissible fail-safe allegations.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations are barred because they are insufficiently ascertainable.

### *NINETEENTH AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations are barred because Liberty Mutual reasonably relied on the good faith belief that Plaintiffs and the alleged class members had given valid prior express consent, invitation, or permission to be contacted by Liberty Mutual.

11

4900-0901-2607 v.1

### *TWENTIETH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are frivolous and lack a good faith basis in fact and/or law.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiffs' class allegations are barred because none of the alleged class members suffered any damages caused by Liberty Mutual.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

To the extent Plaintiffs claim their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Liberty Mutual.

### *TWENTY-THIRD AFFIRMATIVE DEFENSE*

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Liberty Mutual.

### *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims for injunctive relief on behalf of herself and the alleged class members is barred.

### *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

Plaintiffs' and any alleged class members' damages, if any, are capped by what is permitted by statute under the TCPA only.

### *TWENTY-SIXTH AFFIRMATIVE DEFENSE*

Venue is not proper in this Court for Plaintiffs' class allegations.

12

### *TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

Plaintiffs' individual and class claims are not properly before this Court to the extent that any such claim is subject to binding arbitration pursuant to any applicable, valid, and enforceable arbitration agreement.

### *TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred, in whole or in part, by a failure to mitigate damages or minimize any alleged loss.

### *TWENTY-NINTH AFFIRMATIVE DEFENSE*

Some or all of Plaintiffs' claims, and/or the claims of some or all putative class members, are barred, in whole or in part, because some or all of the alleged calls were made to persons with whom Defendant had an existing business relationship. To the extent any call was made pursuant to such an existing business relationship, it does not violate the TCPA or any analogous state law.

### *THIRTIETH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred, in whole or in part, because no artificial or prerecorded voice was used in connection with any call or message at issue. Defendant did not make or initiate any call employing a prerecorded or artificial voice as alleged in the Complaint, and therefore Plaintiffs cannot establish an essential element of their claims under the TCPA or any analogous state law.

### *THIRTY-FIRST AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred, in whole or in part, because the call at issue does not constitute a "call," "communication," or contact made to a telephone number covered by, or subject to, the prohibitions of the TCPA or any analogous state law. The number contacted was not of the type protected under the statute or its implementing regulations, and thus Plaintiffs cannot state a claim upon which relief may be granted.

13

4900-0901-2607 v.1

### *THIRTY-SECOND AFFIRMATIVE DEFENSE*

Liberty Mutual may have additional defenses that cannot now be articulated due to the generality of Plaintiffs' pleadings, the fact that no class has been certified, and as discovery has not yet begun. Accordingly, Liberty Mutual reserves the right to supplement or amend the foregoing and assert additional affirmative defenses as to Plaintiffs' claims and the class allegations, including once discovery concludes.

### **JURY DEMAND**

Liberty Mutual demands a trial by jury.

### **PRAYER FOR RELIEF**

Liberty Mutual respectfully requests that Count 1 of Plaintiffs' Complaint, inclusive of both Plaintiffs' individual and class allegations, be dismissed with prejudice, and that the Court grant Liberty Mutual such other and further relief as it deems just and appropriate under the circumstances.

Respectfully Submitted,
Liberty Mutual Insurance Company,
By its attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel. (617) 217-4700

Dated: March 23, 2026

14

15

<u>**CERTIFICATE OF SERVICE**</u>

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 23, 2026

/s/ Kevin P. Polansky
Kevin P. Polansky

15

4900-0901-2607 v.1