**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN SUMMERSET, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:25-cv-11121-PBS |

## PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Karen Summerset ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 16(b)(4), respectfully moves to modify the Court's Scheduling Order to extend the current September 16, 2026 discovery deadline by forty-five days from the Court's Order. Plaintiff does not seek any modification of the December 30, 2026 deadline for motions for class certification and summary judgment, or any other deadline.

Good cause exists because Plaintiff has diligently pursued discovery throughout this action, but Defendant Liberty Mutual Insurance Company ("Liberty Mutual") continued supplementing its discovery production through September 9, 2026—one week before the discovery cutoff—and Plaintiff's September 10, 2026 Rule 30(b)(6) deposition of Liberty Mutual (which was originally noticed in June), considered together with those recent productions, identified discrete additional discovery that must be completed. That discovery includes responsive records still to be produced by Liberty Mutual and a deposition of third-party SmartFinancial, which supplied the leads upon which Liberty Mutual bases its consent defense.

A limited forty-five-day extension will permit Plaintiff to complete that identified discovery without disturbing the existing class-certification or summary-judgment schedule. In support, Plaintiff states as follows:

1. On March 9, 2026, the Court established a June 16, 2026 deadline for completion of discovery and a September 30, 2026 deadline for class-certification and summary-judgment motions. ECF No. 49.

2. On June 5, 2026, the parties jointly moved to modify that schedule. ECF No. 52. On June 10, 2026, the Court allowed the motion and extended the discovery deadline to September 16, 2026 and the deadline for class-certification and summary-judgment motions to December 30, 2026. ECF No. 53.

3. Plaintiff has diligently pursued discovery concerning the calls at issue, Liberty Mutual's asserted consent defense, its do-not-call procedures, the vendors involved in the calling campaign, and the records necessary to determine the scope of the proposed class.

4. That diligence includes third-party discovery directed to SmartFinancial. Plaintiff previously issued a subpoena to SmartFinancial seeking, among other things, all documents supporting any assertion that Plaintiff's telephone number consented to receive prerecorded calls from Liberty Mutual and communications with third parties concerning Plaintiff or this action.

5. SmartFinancial did not provide its substantive response until months later Plaintiff promptly advised SmartFinancial that the response was deficient because, among other things, it provided TrustedForm links but not the underlying records necessary to evaluate the alleged lead generation and consent event. SmartFinancial subsequently acknowledged that its earlier response had not been transmitted because of an internal oversight and requested additional time to supplement its response.

6. The importance of SmartFinancial's records is also reflected in Liberty Mutual's own discovery responses. Liberty Mutual has stated that it purchased Plaintiff's lead from SmartFinancial and contends that the lead included Plaintiff's prior express written consent, permission, or invitation to be contacted.

7. Liberty Mutual likewise represented in December 2025 that Drips possessed call logs for consumers whose leads Liberty Mutual purchased from SmartFinancial, that Liberty Mutual had requested those records from Drips, and that they had not yet been provided.

8. Discovery regarding Liberty Mutual's classwide consent defense has continued throughout the case. Liberty Mutual previously produced what it expressly described as only a "sampling of consents for SmartFinancial leads," including lead-submission information and playback sessions. It later produced an additional sampling of purported SmartFinancial consents.

9. On August 24, 2026, less than one month before the discovery cutoff, Liberty Mutual served another supplemental response and produced additional SmartFinancial consent materials. That production again consisted of a supplemental sampling of SmartFinancial consent records. *Id.*

10. On September 9, 2026—only seven days before the discovery deadline—Liberty Mutual served its Fifth Supplemental Responses and another substantial production. Among other materials, Liberty Mutual produced a Neustar Information Services service order, TransUnion product and service materials, and a spreadsheet concerning consumers who received calls on Liberty Mutual's behalf and subsequently placed return calls seeking insurance quotes.

11. Plaintiff took Liberty Mutual's Rule 30(b)(6) deposition the following day, September 10, 2026. Plaintiff does not yet have the deposition transcript. Nevertheless, the deposition, considered together with Liberty Mutual's recent supplemental productions, identified discrete areas in which additional discovery is necessary before discovery closes.

12. Plaintiff acted immediately. On the evening of September 10, Plaintiff wrote to Liberty Mutual identifying the outstanding discovery and advising that Plaintiff intended to seek a limited forty-five-day extension to complete it.

13. The identified discovery includes:

a. Liberty Mutual's do-not-call data relating to Drips calling and filtered to SmartFinancial leads;

b. versions of the consent language for SmartFinancial leads that Liberty Mutual reviewed, evaluated, accepted, or approved during the relevant period beyond the version already produced;

c. the consent records upon which Liberty Mutual intends to rely for calls, telephone numbers, or putative class members beyond the samples produced to date;

d. additional communications and attachments between Liberty Mutual and SmartFinancial that appear not to have been produced, together with any required privilege-log supplementation for responsive materials withheld as privileged; and

e. a deposition of SmartFinancial concerning the SmartFinancial leads, purported consent evidence, and related records upon which Liberty Mutual may rely.

14. These subjects concern matters already encompassed by Plaintiff's discovery requests. For example, Request for Production No. 14 seeks call information including the date

and time, caller ID, call result, recipient information, and other information maintained in the call-detail records. Liberty Mutual previously responded that Drips possessed call logs for consumers whose numbers Liberty Mutual purchased from SmartFinancial.

15. The requested consent materials likewise bear directly on Liberty Mutual's affirmative defenses. Liberty Mutual has produced SmartFinancial consent samples specifically as evidence that consumers purportedly provided prior express consent to receive insurance-related communications from Liberty Mutual.

16. Plaintiff also requested Liberty Mutual's position on the proposed forty-five-day extension in the September 10 correspondence. As of the filing of this Motion, Liberty Mutual has not responded to that request.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Plaintiff readily satisfies that standard. good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," although prejudice is also relevant. *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.,* 714 F.3d 62, 64 (1st Cir. 2013). First, Plaintiff has diligently pursued the discovery at issue. Plaintiff subpoenaed SmartFinancial more than one year ago and followed up when SmartFinancial's response was delayed and incomplete. Plaintiff pursued discovery from Liberty Mutual concerning the calling campaign, consent, SmartFinancial, Drips, and do-not-call procedures throughout this action. Plaintiff also sought a date for Liberty Mutual's deposition by at least June 26, 2026. Second, the need for the present extension arises in substantial part from information developed near the end of the existing discovery period. Liberty Mutual supplemented its production on August 24 and again on September 9, the latter only seven days before discovery closes. Plaintiff then took Liberty

Mutual's Rule 30(b)(6) deposition on September 10. Plaintiff promptly identified the remaining discovery that same day rather than waiting for preparation of the deposition transcript.

Third, the remaining discovery is discrete and directly relevant. Liberty Mutual affirmatively relies on SmartFinancial as the source of Plaintiff's lead and purported consent. It has also produced only samples of the SmartFinancial consent evidence while reserving the ability to rely on consent as a defense. Plaintiff should have a reasonable opportunity during discovery to obtain the records underlying that defense and examine SmartFinancial concerning the lead and consent evidence before Liberty Mutual relies upon those matters at class certification or summary judgment.

Fourth, Plaintiff does not seek to reopen discovery generally. The requested extension is intended to allow completion of the identified outstanding discovery, including production of the responsive records described above and the SmartFinancial deposition.

Finally, the requested modification will not disturb the principal motion deadlines in this case. The current deadline for class-certification and summary-judgment motions is December 30, 2026. Plaintiff proposes that deadline remain unchanged. Thus, the requested relief provides a short period to finish discovery while preserving the remainder of the Court's schedule.

Under these circumstances, good cause exists to extend the discovery deadline by forty-five days.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court modify the Scheduling Order to extend the deadline for completion of discovery by forty-five days from the date of the Court's Order, solely to permit completion of the outstanding discovery identified above, including the deposition of SmartFinancial. Plaintiff requests that the December 30, 2026

deadline for class-certification and summary-judgment motions, and all other existing deadlines, remain unchanged.

Dated: September 12, 2026

**For Plaintiff Karen Summerset:**

*/s/ Anthony I. Paronich*
Anthony I. Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com