**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KAREN SUMMERSET, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

Civil Action No. 1:25-cv-11121-PBS

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") respectfully submits this Opposition to Plaintiff Karen Summerset's Motion to Modify Scheduling Order (ECF No. 58), and states as follows:

1. Liberty Mutual does not oppose a reasonable extension of the current September 16, 2026 discovery deadline. Any extension, however, should be reciprocal and should apply to all parties rather than being limited to the specific discovery Plaintiff seeks to complete from Liberty Mutual and SmartFinancial. Prior motions for extension were not limited to one party, and neither should Plaintiff's motion now. Additionally, any extension of the discovery deadline should extend the downstream deadlines for expert reports and the class certification and summary judgment deadlines commensurate with the discovery deadline extension.

2. Plaintiff's Motion asks the Court to extend the discovery period solely to permit Plaintiff to complete an enumerated list of discovery directed to Liberty Mutual and to SmartFinancial, while leaving all other discovery foreclosed by the current deadline.

3. Liberty Mutual, like Plaintiff, has discovery outstanding, including discovery

directed to Plaintiff and to third parties, that cannot be completed by September 16, 2026. Much of the parties' remaining discovery arises from the same recent developments Plaintiff cites, including productions and deposition testimony exchanged in the final weeks of the discovery period.

4. A brief, mutual extension applicable to all discovery outstanding as of the expiration of the current September 16, 2026 deadline would allow both sides to complete their respective discovery without prejudice to either party, and while preserving the existing deadlines for class certification and summary judgment motions. Liberty Mutual therefore respectfully requests that, to the extent the Court grants Plaintiff's motion, it do so on a reciprocal basis applicable to all parties.

5. As Plaintiff notes in her Motion, the good cause standard under Rule 16(b)(4) focuses on the diligence of the party seeking modification. *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013). Liberty Mutual has diligently pursued discovery throughout this action and has its own outstanding discovery directed to Plaintiff and to third parties that cannot be completed by the current deadline. In addition to discovery requests served upon Plaintiff on August 31, 2026, Liberty Mutual served document subpoenas on third parties Interactive Marketing Solutions Inc. and iconectiv, LLC on August 31, 2026 and is working cooperatively with both third parties on their respective responses. Because these are non-parties, Liberty Mutual has endeavored to minimize any burden on them and to afford them a reasonable period to respond, which cannot be completed before the current September 16, 2026 deadline. Liberty Mutual therefore has good cause for a corresponding extension of its own.

6. Extensions of the discovery deadline affect all parties because discovery is an interdependent process: extending the period for one party's outstanding discovery necessarily

bears on the other party's ability to complete its own. Because both parties have discovery remaining to be completed, Liberty Mutual respectfully requests that any extension of the discovery deadline apply equally to all parties so that both sides have a fair opportunity to complete discovery before class certification and summary judgment briefing.

WHEREFORE, Liberty Mutual Insurance Company respectfully requests that, to the extent that the Court grants Plaintiff's Motion, the Court extend the discovery deadline on a reciprocal basis applicable to all parties and extend the downstream deadlines for expert reports and the class certification and summary judgment deadlines commensurate with the discovery deadline extension.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel.: (617) 217-4700
Fax: (617) 217-4710
kevin.polansky@nelsonmullins.com
*Counsel for Defendant Liberty Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I, Kevin P. Polansky, hereby certify that on September 15, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system.

Dated: September 15, 2026

*/s/ Kevin P. Polansky*
Kevin P. Polansky